IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONALD HARTWELL                                                                 PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:09cv260-DPJ-FKB

HARTFORD COMPREHENSIVE
EMPLOYEE BENEFIT SERVICE
COMPANY                                                        DEFENDANT

## **ORDER**

This cause is before the court on Defendant's motion for reconsideration of Plaintiff's motion to amend the case management order, which was granted by this court's order of January 28, 2009. That order extended the discovery deadline by thirty days in order that the parties could conduct discovery on Defendant's counterclaim and to allow Defendant time to respond to Plaintiff's discovery requests. The order granted Plaintiff's motion as unopposed, after Defendant failed to file any opposition to the motion. Defendant now requests that the court reconsider its ruling, stating that it intended to oppose the motion and that its failure to file a timely response was the result of an oversight. The court has now considered Defendant's arguments in opposition to the motion to amend, and concludes for the reasons set forth below that amendment of the case management order is warranted for the narrow purpose of allowing Defendant to respond to Plaintiff's discovery requests concerning the counterclaim.

The case management order in this case was entered on July 23, 2009 and set forth a discovery deadline of December 14, 2009. At the time of entry of the case management order, the case consisted solely of Plaintiff's claim under the Employee Retirement Income Security Act (ERISA) to recover disability insurance benefits under an

employee welfare benefit plan. For this reason, the case management order specified that discovery would be limited to the administrative record. Subsequently, however, Defendant sought and was granted leave to file a counterclaim against Hartwell seeking recovery of overpayments made to him.[1] Hartwell filed his answer to the counterclaim on November 19, 2009. He served his first discovery requests on November 30, 2009. Thus, the discovery requests were untimely, in that they were served only two weeks prior to the discovery deadline. Hartford objected to the requests as untimely and outside of the scope of discovery as set forth in the case management order.

The court concludes that Plaintiff should not be precluded from conducting discovery on the counterclaim and that, given the late filing of the counterclaim, this court's extension of the discovery deadline for this purpose was warranted. Furthermore, because the counterclaim does not appear to concern the facts relied upon by the administrator when it made its decision to deny benefits, discovery outside of the administrative record is appropriate with regard to the counterclaim. *See Vega v. Nat'l Life Ins. Serv.*, 188 F.3d 287, 300 (5th Cir. 1999) (explaining the extent to which a court may rely upon evidence outside of the administrative record in an ERISA case). On the other hand, no extension was warranted for the discovery requests concerning the denial of Plaintiff's claim, as these were clearly untimely.

Accordingly, it is hereby ordered that Defendant shall serve responses to those discovery requests propounded by Plaintiff concerning the counterclaim within seven days of entry of this order. Should Plaintiff conclude that Defendant's responses are

---

[1] The overpayments apparently resulted from Plaintiff's receipt of retroactive Social Security Disability Income payments.

incomplete or unsatisfactory, he may file a motion to compel within seven days of service of the discovery responses.

So ordered, this the 24th day of March, 2010.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE